**SIERRA CLUB, a non-profit corporation, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, and Federico Pena, in his official capacity as Secretary of Energy, Defendants.**

**Civil Action No. 97–B–529.**

United States District Court, D. Colorado.

Aug. 13, 1998.

Colin Christopher Deihl, Faegre & Benson, Denver, CO, Neil Levine, Earthlaw, Denver, CO, for Plaintiff.

Robert D. Clark, United States Attorney's Office, Civil Division, Denver, CO, for Defendants.

## AMENDED ORDER

COAN, United States Magistrate Judge.

This matter is before the court on the United States' Renewed Motion for Protective Order [filed May 19, 1998] and Plaintiff's Motion to Compel Discovery Responses [filed June 5, 1998]. The motions are fully briefed. The court heard oral argument from the parties on August 4, 1998.

Plaintiff seeks to compel defendants to answer Plaintiff's First Set of Interrogatories and Requests for Production of Documents propounded by plaintiff on or about April 10, 1998. Defendants resist discovery and move for a protective order on the ground that this is an Administrative Procedure Act ("APA") judicial review case, and, therefore, the court's review is limited to the administrative record.

## I. Background

Plaintiff's second amended complaint alleges that the Department of Energy ("DOE") and the Army Corps of Engineers ("Corps") are violating several federal statutes by not regulating anticipated mining activities on DOE's property at Rocky Flats. Plaintiff contends that a proposed sand and gravel strip mine on the site will destroy prime wetland and riparian habitat. The property at issue is a large parcel of open space within the Rocky Flats Buffer Zone and adjacent to the DOE's former nuclear weapons plant. The United States owns the surface estate of the property, but non parties own the subsurface severed mineral estate. The mineral rights are leased by a private mining company ("WAI") from the owners of the severed mineral estate. The mining company has been mining the land adjacent to the buffer zone for several years. The mining company has applied for, and obtained, permits from Jefferson County and the Colorado Mined Land Reclamation Board to allow the mining company to expand its gravel mining operations into the adjacent buffer zone, subject to various conditions imposed by the County and State. At this time, the mining company has not fulfilled all conditions necessary to expand its mining operations into the buffer zone.

According to plaintiff, one of the largest remaining populations of the Preble's Meadow Jumping Mouse ("the Mouse") occupies the wetland habitat in the Rocky Flats buffer zone, including the site of the proposed mining expansion. On May 12, 1998, the Mouse was listed as a threatened species under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq.*

Plaintiff alleges that DOE has not taken steps to minimize the pending destruction of the wetlands and has not acted to preserve or enhance the wetlands, as required by federal law. Instead, plaintiff contends that DOE has actively assisted the mining company's efforts to expand its mining operation.

Plaintiff's second amended complaint for declaratory and injunctive relief contains eight claims for relief. In two claims, plaintiff contends that DOE has unlawfully withheld compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. at § 4332, by failing to prepare an Environmental Impact Statement ("EIS") concerning the impact on the environment of the mining company's expansion proposals, the impact of the categorical exclusions DOE granted to the mining company for a road easement and road relocation license, and the impact of a now-expired license DOE issued to allow the mining company to install an air quality monitoring station on one of DOE's existing antennas.

Four claims are brought against the DOE under the ESA, 16 U.S.C. at § 1536(a)(1), § 1536(a)(2), and § 1538(a)(1), for failure to provide for the conservation of the Mouse, failure to consult with the United States Fish and Wildlife Service ("FWS") concerning the impact of the road easement and license upon the Mouse, and failure to comply with the ESA's "no jeopardy" mandate and "take" prohibition by "assisting the mining company" to obtain state and local authorization for mining expansion, and, by granting the road easement and relocation license to facilitate mining expansion.

The seventh claim alleges that DOE violated Executive Order No. 11990 [1] by failing to

---

1. Executive Order 11990 generally requires a federal agency to take action to minimize the destruction of wetlands and to preserve and enhance the natural and beneficial values of wet lands in managing federal lands and facilities and in conducting federal activities affecting land use.

comply with conservation mandates, by assisting the mining company in its application for state and local mining expansion permits and by providing the mining company a road relocation license and road easement. The eighth claim avers that the Corps failed to assert jurisdiction over the wetlands in the Buffer Zone and over the mining company's proposed expansion under § 404 of the Clean Water Act ("CWA"), 33 U.S.C. at § 1344.

All of plaintiff's claims seek review under the APA's judicial review provisions, 5 U.S.C. § 706.[2] Six of plaintiff's seven claims allege, under § 706(1), that DOE unlawfully took no action to comply with statutory mandates to protect the Mouse and its wetland habitat, but instead performed several acts to assist the proposed mining expansion which actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" and are "without observance of procedure required by law." § 706(2)(A) and (D).[3] Plaintiff's third claim for relief, under § 1536(a)(1) of ESA, is brought solely under § 706(1).

## II. Legal Analysis

▬ Judicial review of agency action under § 706 of the APA is generally limited to a review of the administrative record. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 419, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560 (10th Cir.1994); *Franklin Sav. Ass'n v. Director, Office of Thrift Supervision,* 934 F.2d 1127 (10th Cir.1991). A reviewing court may look outside the administrative record for the following limited purposes: (1) when the record fails to disclose the factors considered by the agency,

the court may require additional findings or testimony from agency officials to determine if the action was justified; (2) when necessary for background information or for determining whether the agency considered all relevant factors including evidence contrary to the agency's position; or (3) when necessary to explain technical terms or complex subject matter involved in the action. *Franklin Sav. Ass'n,* 934 F.2d at 1137–38 (internal citations omitted); *Bar MK Ranches v. Yuetter,* 994 F.2d 735, 739 (10th Cir.1993) ( "When a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question."); *see, also, Colorado Environmental Coalition v. Lujan,* 803 F.Supp. 364, 370 (D.Colo. 1992)(NEPA case).

Defendants represent that they have generated and produced to plaintiff an administrative record which includes the following: DOE's communications with Jefferson County and the State concerning the mining company's proposed mining expansion activities; the NEPA documentation DOE generated with regard to the road easement, road relocation license and air monitoring device installation license granted to the mining company; documents reflecting the need for DOE to "conference" with FWS on the Mouse, when the Mouse was proposed to be listed as an endangered species; supplements to the record to reflect DOE's recent "consultations" with FWS following the Mouse's listing as an endangered species; and documents reflecting the DOE's and Corps' respective analyses of their wetlands responsibilities under Executive Order 11990 and the CWA. Defendants argue that the administrative record is sufficient for the

---

**2.** The APA, at 5 U.S.C. § 706, provides:

To the extent necessary and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability to the terms of an agency action. The reviewing court shall:
(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law;
. . .

(D) without observance of procedures required by law;
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

**3.** Plaintiff's ESA claims are also brought pursuant to ESA's citizen suit provision, 16 U.S.C. § 1540(g)(1)(A); however, the scope of judicial review under that provision is in accordance with § 706 of the APA. *See Cabinet Mountains Wilderness v. Peterson,* 685 F.2d 678, 685 (D.C.Cir.1982)(citing *United States v. Carlo Bianchi & Co.,* 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963)).

court to determine whether the agencies failed to comply with NEPA, ESA, Executive Order No. 11990, and the CWA.

Plaintiff contends that the court's determination of this action is not limited to the administrative record because plaintiff seeks to "compel agency action unlawfully withheld" under 5 U.S.C. § 706(1). Plaintiff argues that because it is challenging the defendants' failure to take action, there is no record to review, and therefore no limitation on discovery.

Plaintiff concedes that one of its NEPA claims is subject to review upon the administrative record, but argues that it is entitled to limited discovery on that claim because it cannot determine from the administrative record whether defendant DOE considered all relevant factors in making the decision to issue the categorical exclusion for roads within the buffer zone, specifically, whether DOE considered the connection between the roads and mine expansion.

■ The court finds that plaintiff's position that "this is not a record review case" is without merit. The judicial review provisions of the APA do not distinguish between a claim that an agency unlawfully failed to act and a claim based on action taken. In both cases, the court's review of the defendant agencies' actions is generally confined to the administrative record. The APA expressly states, at 5 U.S.C. § 706, "In making the foregoing determinations [under § 706(1) and (2) ], the court shall review the whole record or those parts of it cited by a party ..." *See Cross Timbers Concerned Citizens v. Saginaw,* 991 F.Supp. 563, 570 (N.D.Tex.1997)(judicial review under § 706(1) and (2) is based on the administrative record already in existence); *see, also, Camp v. Pitts,* 411 U.S. 138, 141–42, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973)("[D]e novo review is appropriate only where there are inadequate factfinding procedures in an adjudicatory proceeding, or where judicial proceedings are brought to enforce certain administrative actions.")(citing *Citizens to Preserve Overton Park, Inc.,* 401 U.S. at 415, 91 S.Ct. 814).

■ Extra record evidence may be allowed in cases where an agency is being sued for failure to act if the record before the court is insufficient for the court to determine whether the agency unlawfully withheld compliance with a statutory mandate. *See, Esch v. Yeutter,* 876 F.2d 976, 991(D.C.Cir.1989)(citing Stark & Wild, *Setting No Records: The Failed Attempts to Limit the Record in Review of Administrative Action,* 36 Admin.L.Rev. 333, 344 (1984)). For example, the court might review the legislative history of the statutes in question, other indications of agency policy preferences, and past conduct of the agency, to determine whether an agency unlawfully withheld action required by law. *See* Peter H.A. Lehner, Note, *Judicial Review of Administrative Inaction,* 83 Colum.L.Rev. 627, 685 (1983). However, the written discovery requests propounded by plaintiff do not address those issues.

■ Plaintiff has propounded general discovery requests asking for the identities of agency personnel and all related documents involved with the decisions made in this matter, such as consultation with WAI about WAI's mining permit application, zoning requirements for roads on the surface property owned by DOE, and requests for information such as the location of all wetlands in the Rock Creek Watershed. *See,* Ex. A. To Defs. Motion. Plaintiff has not demonstrated that the administrative record is insufficient for the court to make a determination on plaintiff's claims, or that the information plaintiff seeks in discovery is necessary for adequate judicial review.

With regard to plaintiff's request for limited discovery on the NEPA claim, plaintiff asserts that it needs discovery because it cannot determine from the administrative record whether defendant DOE considered the connection between the roads and mine expansion in making the decision to issue the categorical exclusion for roads within the Buffer Zone. Defendant DOE states that all NEPA documentation generated by the DOE with regard to the road relocation license and easement is contained in the administrative record. The court finds that limited discovery is not warranted at this time, as plaintiff has failed to show that the court cannot determine, based on the administrative record, whether the DOE's issuance of categori-

cal exclusions was arbitrary and capricious, an abuse of discretion, not in accordance with the law, or without procedures required by law under § 706(2).[4]

The court finds that the general rule limiting the evidence to be considered by the reviewing court to the administrative record applies. All claims asserted by plaintiff, including the **failure to act under the ESA, fall within the APA's scope of review and the limitations of 5 U.S.C. § 706. Accordingly,**

IT IS **ORDERED** that Plaintiff's "Motion to Compel Discovery Responses..." [filed June 5, 1998] is denied.

IT IS FURTHER **ORDERED** that the United States' Motion for Protective Order [filed May 19, 1998] is **granted**.

IT IS **ORDERED** that Plaintiff's "Motion to Vacate Discovery Cut-Off Date ..." [filed June 5, 1998] is **denied**.

---

4. Plaintiff also argued in its motion, but not at hearing, that it cannot determine from the administrative record whether the Army Corps considered all relevant factors in making a decision not to assert jurisdiction over the wetlands in the Rock Creek drainage, and specifically, whether the Corps concluded that the wetlands were jur-isdictional wetlands within the meaning of § 404 of the CWA. The Army Corps stated in its Reply brief that it has not yet decided whether or not to assert jurisdiction over the wetlands in the Rock Creek drainage and will not make such a decision until the mining company applies for a § 404 permit which it has not yet done.