**INTERNATIONAL JUNIOR COLLEGE OF BUSINESS AND TECHNOLOGY, INC. d/b/a International Junior College, et al., Plaintiffs,**

v.

**Arne DUNCAN, Secretary of the United States Department of Education, in his official capacity, Defendant.**

**Civil No. 11–2257 (BJM).**

United States District Court, D. Puerto Rico.

Nov. 14, 2012.

Megan R. Banks, Ronald L. Holt, Dunn & Davison, LLC, Kansas City, MO, Hector M. Laffitte, McConnell Valdes, Rafael Melendez–Ramos, Rafael Melendez Ramos Law Office, Jose A. Hernandez–Mayoral, Hernandez Mayoral Law Office, San Juan, PR, for Plaintiffs.

Jose M. Pizarro–Zayas, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Defendant.

### OPINION AND ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

International Junior College of Business and Technology, Inc. *d/b/a* International Junior College ("International") and L'Image Educational Corporation *d/b/a* Rogie's School of Beauty Culture ("Rogie's") (collectively, "plaintiffs") sued the Secretary of the U.S. Department of Education in his official capacity ("the Department") seek-ing judicial review of agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* (Docket No. 1, hereinafter "Compl."). Before the court is plaintiffs' Rule 37(a) motion to compel discovery. (Docket No. 40). The Department opposed and moved for an order forbidding further requests for discovery. (Docket No. 43). Plaintiffs replied (Docket No. 44) and the Department filed a sur-reply. (Docket No. 53). For the reasons that follow, plaintiffs' motion is **denied** and the Department's motion is **granted.**

### FACTUAL AND PROCEDURAL BACKGROUND

I briefly summarize the facts alleged in the complaint and the case's procedural history.

#### Factual Allegations in the Complaint

International is a Puerto Rico corporation that operated a private post-secondary vocational institution. (Compl., ¶ 5). Co-plaintiff Rogie's is also a Puerto Rico corporation operating a post-secondary educational institution, and has a common shareholder controlling at least 25 percent of both International and Rogie's. (*Id.*, ¶¶ 7, 12).

On November 8, 2006, the Department issued a letter terminating International's eligibility to participate in certain federal student financial aid ("Title IV") programs effective June 30, 2005, citing a "90–10" rule requiring institutions to derive at least ten percent of revenue from non-Title IV sources. (*Id.*, ¶¶ 27, 30). The Department rejected International's final 90–10 calculations for fiscal year 2005, which counted tuition payments for certain Saturday-only courses. The Department determined that counting this revenue was not permissible, but International still maintains it was proper. (*Id.*, ¶¶ 27–28).

Sometime in late 2006, International "sought to be readmitted into the Title IV programs," but the Department "refused to respond." (*Id.,* ¶ 30). Although International attempted to negotiate a settlement to cure the alleged .90–10 violation, the Department rejected International's offers in a December 21, 2006 letter. (*Id.,* ¶ 31). International then sought a buyer for its school so that operations could continue, and executed a letter of intent with Advancer Local Development Corporation ("Advancer") on January 11, 2007. (*Id.,* ¶ 33). As a result of Department inaction in clarifying a condition of its approval for the purchase, however, the deal fell through and the letter was terminated on August 15, 2006. (*Id.,* ¶¶ 34–35).

The Department issued a Final Audit Determination ("FAD") on August 20, 2007, imposing a liability of $1,365,078. (*Id.,* ¶ 36). International appealed the determination on October 2, 2007; on September 24, 2008, an administrative law judge ("ALJ") denied the appeal. On further consideration, the Secretary remanded to the ALJ for further fact-finding on November 25, 2009. The ALJ sustained the FAD and liability on June 30, 2010, and the Secretary affirmed the ALJ and ordered payment on November 19, 2010. (*Id.,* ¶ 37).

Beginning in September 2011, the Department contacted Rogie's and other institutions having "affiliated" ownership with International, seeking to collect the FAD liability. (*Id.,* ¶ 41). Although their common shareholder reached a settlement with the Department over the FAD liability itself, the ultimate viability of Rogie's as a school remains at risk. (*See id.,* ¶¶ 41–52).

### Procedural History

Plaintiffs sued on December 27, 2011. (Compl.). In lieu of a preliminary injunction, the parties reached an agreement by which the Department would "maintain and preserve the status quo" pending resolution of the case. (Docket No. 16). Plaintiffs served requests for interrogatories, production of documents, and depositions, and now seek an order compelling that discovery. (Docket No. 40).

### DISCUSSION

Plaintiffs argue they are entitled to documents, responses to interrogatories, and depositions of certain Department officials. Discovery is governed by Rule 26, which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1). However, the court may limit the frequency or scope of discovery upon determining that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii). Additionally, the target of discovery may seek a protective order, which the court may issue for good cause to avoid "annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c)(1).

 This standard demands a balancing of interests, but the narrowness of the APA action for judicial review weighs

heavily against discovery. A court reviewing agency action (or inaction) "shall … hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law…." 5 U.S.C. § 706(2)(A). Courts consider the "whole record," which usually means "the administrative record already in existence, not some new record made initially in the reviewing court." 5 U.S.C. § 706; *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (per curiam). Should that record be "found inadequate for judicial review, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Olsen v. United States,* 414 F.3d 144, 155 (1st Cir.2005) (quoting *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)). This "record rule" applies to informal agency actions as well. *Id.* Nonetheless, courts have discretion (not an obligation) to engage in supplemental fact-finding where there is "'a strong showing of bad faith or improper behavior' by agency decision makers,' or "where there is a 'failure to explain administrative action as to frustrate effective judicial review.'" *Id.* at 155–56 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Pitts,* 411 U.S. at 142–43, 93 S.Ct. 1241).

■ Here, the Department provided an administrative record, but plaintiffs argue that it does not fully explain the reasons for all of the challenged actions. They highlight several decision points where they contend that discoverable facts exist: whether a rule exception announced in another Secretary decision was correctly applied, what authority supported the requests for audit materials in response to International's queries about readmission to Title IV, and what standards governed the Department's response or lack of response to International's questions about the Advancer purchase offer. (*Id.,* p. 7–13). The common thread is the contention that the Department should be subject to discovery on the "policies and procedures" underlying its actions, and that it "should be required to produce any memoranda, handbooks, e-mail messages, or any other documents that state these policies and procedures." (Docket No. 40, p. 6). On balance, these grounds do not justify discovery because the plaintiffs have not demonstrated any need for *fact-finding* beyond the four corners of the agency's record. To whatever extent the Department's decisions or inactions were or were not supported by its statute and regulations, the administrative record's documentation of the contemporaneous communications and rationale suffices to take this case out of the realm of a "failure to explain administrative action so as to frustrate judicial review." *Cf. Overton Park,* 401 U.S. at 420, 91 S.Ct. 814. In particular, the record contains the November 8, 2006 letter denying International's application for re-certification (R. 235–39), the December 21, 2006 letter denying reconsideration (R. 252–54), and the February 2, 2007 response to International's queries regarding the Advancer takeover (R. 283). Importantly, plaintiffs' allegation is not that some factual material, expert study, or the like is absent; they merely desire a chance to elicit the Department's legal reasoning and foundation. In other words:

> [I]n the present case there was contemporaneous explanation of the agency decision. The explanation may have been curt, but it surely indicated the determinative reason for the final action taken…. The validity of the Comptroller [of the Currency]'s action must, therefore, stand or fall on the propriety of

that finding, judged, of course, by the appropriate standard of review. If that finding is not sustainable on the administrative record made, then the Comptroller's decision must be vacated and the matter remanded to him for further consideration.

*See Pitts,* 411 U.S. at 143, 93 S.Ct. 1241 (distinguishing *Overton Park* ); *Maine v. Kreps,* 563 F.2d 1043, 1051 (1st Cir.1977) (remanding to agency to supplement administrative record). In sum, plaintiffs have not shown they are entitled to engage in fact-finding. Should the record provide an inadequate basis for review (e.g., when tested by dispositive motions), the alternative is remand to the agency. Since imposing the burden of discovery is not justified in the absence of fact-finding, the Department is entitled to a protective order against further requests at this time.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is **DENIED.** Defendant's motion for a protective order is **GRANTED.** Plaintiffs are **ORDERED** not to serve further discovery requests in this case without leave of court.

**IT IS SO ORDERED.**