**BARK, et al., Plaintiffs,**

v.

**Lisa NORTHROP, et al.,**
**Federal Defendants,**

**and**

**RLK and Company, Defendant–**
**Intervenor.**

**Case No. 3:13–cv–00828–AA.**

United States District Court,
D. Oregon.

Signed Feb. 23, 2014.

Christopher G. Winter, Ralph O. Bloemers, Portland, OR, for Plaintiffs.

Sean E. Martin, Stephen J. Odell, U.S. Attorney's Office, Portland, OR, for Federal Defendants.

Erika E. Malmen, Robert A. Maynard, Perkins Coie, LLP, Boise, ID, Sarah J. Crooks, Perkins Coie, LLP, Portland, OR, for Defendant–Intervenor.

## OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiffs Bark, et al. filed suit alleging that federal defendants Lisa Northrop, et al. violated the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA"), Federal defendants and defendant-intervenor RLK and Company ("RLK") move under Fed.R.Civ.P. 26(c) for a protective order (1) limiting the review of plaintiffs' claims to the administrative record in accordance with the Administrative Procedure Act ("APA") 5 U.S.C. § 701 et seq., and (2) precluding plaintiffs' discovery requests, including plaintiffs' recent interrogatories, requests for admissions, and requests for production of documents. The motions are granted.

## I. BACKGROUND

On May 16, 2013, plaintiffs filed their complaint against federal defendants, challenging the Forest Service's approval of RLK's development proposal for the Timberline Ski Area Mountain Bike Trails and Skills Park (the "Project"). Plaintiffs allege that the Forest Service's decision to approve the Project after conducting an Environmental Assessment ("EA") and subsequently issuing a Finding of No Significant Impact ("FONSI") and Decision Notice ("DN") violated NEPA and was arbitrary and capricious under the APA. 5 U.S.C. § 706(2)(A). Plaintiffs also challenge the Forest Service's failure to prepare any kind of NEPA analysis before accepting RLK's Master Development Plan ("MDP") and amending RLK's Special Use Permit ("SUP").

Federal defendants timely answered the complaint and filed the administrative record, comprising nearly 30,000 pages, for judicial review. The current record contains the responses to several Freedom of Information Act ("FOIA") requests initiated by plaintiffs, as well as a supplemental administrative record of nearly 1,500 pages that defendants filed in response to plaintiffs' concern about missing documents in the record.

On October 16, 2013, plaintiffs served 13 interrogatories, 6 requests for admission, and 7 requests for production on federal defendants and RLK. Plaintiffs did not identify any of the information or documents they now seek during the 45–day period this Court ordered for plaintiffs to identify materials missing from the filed administrative record, nor did they move to compel supplementation of the record with documents concerning the information they now seek.

## II. DISCUSSION

In their motions for protective order, federal defendants and RLK argue that

plaintiffs' discovery requests are wholly inappropriate given the well-established rule that judicial review of APA claims is limited to the administrative record. They argue that plaintiffs fail to show how the extensive administrative record is inadequate, especially when agencies are entitled to a presumption that the administrative record is satisfactory absent clear evidence to the contrary. Additionally, federal defendants and RLK argue that plaintiffs have not shown how their need for discovery fits into any of the four narrow exceptions to the APA record rule articulated by the Ninth Circuit. Thus, they contend that plaintiffs' discovery requests threaten undue delay in the adjudication of this case and place a burden on scarce government resources.

In response, plaintiffs shift their focus from their "arbitrary and capricious" claim alleged under § 706(2)(A) of the APA, Compl. ¶ 16, and maintain that they also asserted a "failure to act" claim under § 706(1). Plaintiffs argue that their discovery requests pertain only to their ninth and tenth claims, which allege that the Forest Service violated NEPA when it failed to conduct any kind of environmental assessment before it accepted RLK's MDP, thus failing to act. Plaintiffs seek limited discovery in order to allow them to develop an adequate factual record "by which to evaluate whether the Forest Service failed to engage in the legally required analysis" of the MDP. Pls.' Resp. at 7. Plaintiffs assert that their discovery requests "concentrate on interrogatory answers and admissions that reveal how much the Forest Service knew about the projects identified in the MDP." Pls.' Resp. at 8.

Plaintiffs also claim that discovery should be permitted to the full extent allowed by Fed.R.Civ.P. 26(b). Plaintiffs argue that their request for limited discovery is permitted under the APA because the information they seek in discovery is necessary to determine whether the agency's course of action was sufficient and whether the agency acted in bad faith.

## A. Plaintiffs' Allegations

Given that NEPA does not have a citizen suit provision, plaintiffs properly bring their claims under the APA, as alleged in their complaint. Compl. ¶ 1 ("This is an Administrative Procedure Act challenge of the approval by Defendants ... of R.L.K. and Company's ("RLK") proposal to develop the Timberline Ski Area Mountain Bike Trails and Skills Park....").[1]

▮ It is well settled that judicial review of agency action under the APA is generally limited to review of the administrative record. 5 U.S.C. § 706. When reviewing a final agency action under the APA, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). The Supreme Court has explained that when applying the arbitrary and capricious standard of review, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S.

---

**1.** "NEPA and NHPA obligations are typically enforced by interested parties who may file lawsuits against Federal agencies alleging that the agencies have not complied with their legal obligations under NEPA and NHPA.

*These lawsuits may only be filed in Federal court under the provisions of the APA, 5 U.S.C. 701–706."* 42 C.F.R. § 137.309 (emphasis added).

138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973).

■ Plaintiffs' primary NEPA claim expressly alleges that the federal defendants' decision to approve the Project by issuing an EA, FONSI, and DN is arbitrary and capricious. Compl. ¶ 16. This claim concerns a final agency action, which is reviewed under the § 706(2)(A) arbitrary and capricious standard and generally limited to the administrative record. *See Florida Power & Light Co.*, 470 U.S. at 743–44, 105 S.Ct. 1598; *Camp*, 411 U.S. at 142, 93 S.Ct. 1241; *Cascadia Wildlands Project v. U.S. Forest Serv.*, 386 F.Supp.2d 1149, 1160 (D.Or.2005); *Moden v. U.S. Fish & Wildlife Serv.*, 281 F.Supp.2d 1193, 1200 (D.Or.2003).

Further, I am not persuaded that plaintiffs properly allege a failure to act claim in their complaint. Granted, plaintiffs' ninth and tenth claims allege that federal defendants failed to perform NEPA analysis before accepting the MDP and amending the SUP. However, plaintiffs clearly state in their complaint that "[t]he acceptance of the MDP and amendment of the SUP are *final agency actions.*"[2] Compl. ¶ 334 (emphasis added). Plaintiffs cannot assert that the acceptance of the MDP and amendment of the SUP are final agency actions and at the same time argue that these actions should be reviewed as failures to act under § 706(1), potentially opening the door to a broader scope of review and discovery.

■ Should plaintiffs seek to amend their complaint in order to proceed with a

"failure to act" claim, such an amendment would not permit discovery. Under an APA "failure to act" claim, the only agency action that the court can compel is a discrete action that an agency is legally required to take. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). Thus, for such a claim to have merit, the Forest Service must have been required to perform NEPA analysis before accepting the MDP.

However, the Forest Service explains that the "acceptance" of the MDP is not an "approval" of the plan by the agency. In the record, the agency advised: "Please note that the Forest Service acceptance of the MDP does not convey our approval of any of the projects within the document. Prior to authorization, the appropriate environmental analysis required by the National Environmental Policy Act will need to be completed for each project." AR 10882. Thus, it is questionable whether the Forest Service is required to perform NEPA analysis for the MDP because, aside from the Project at issue, plaintiffs do not allege that the Forest Service has taken a final action with regard to other projects proposed in the MDP. In other words, if the NEPA process has not yet been triggered for the other projects, I question whether plaintiffs can claim that the Forest Service has failed to act in accordance with NEPA requirements.

Moreover, regardless of amendment, the facts of this case do not align with the typical facts in a "failure to act" case seeking to compel agency action unlawfully

---

**2.** I question whether plaintiffs' ninth and tenth claims, as currently alleged, are even ripe for judicial review under § 706(2)(A). Plaintiffs do not allege that the Forest Service's acceptance of the MDP is an action that marks the culmination of a decision making process, which is one of two requirements for an administrative action to be considered a

final agency action under the APA. *Ecology Center, Inc. v. U.S. Forest Serv.*, 192 F.3d 922, 925 (9th Cir.1999) (citing *Bennett v. Spear*, 520 U.S. 154, 177, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)). Without a final agency action on the matter of the MDP, this Court would not have jurisdiction to review plaintiffs' ninth and tenth claims.

withheld. For example, "failure to act" claims typically involve allegations that a federal agency failed to comply with the *substantive requirements* of a statute. *See, e.g., Norton,* 542 U.S. at 55, 124 S.Ct. 2373 (concerning, primarily, whether the federal agency was "manag[ing] WSAs . . . so as not to impair the[ir] suitability . . . for preservation as wilderness."). By contrast, plaintiffs allege that the Forest Service has failed to act because it has not met NEPA's *procedural requirements.* Thus, the precedent that plaintiffs cite supporting expanded discovery under certain circumstances in § 706(1) "failure to act" cases is inapplicable to plaintiffs' ninth and tenth claims.[3]

Therefore, I find that the appropriate APA standard of review for plaintiffs' NEPA claims is whether the challenged action is "arbitrary and capricious" under § 706(2)(A), and I consider the motions for protective order in this context.

### B. Resolution of Defendants' Motion

■ I find that plaintiffs' discovery requests, including interrogatories and requests for admission, are not appropriate in this standard APA proceeding. "Under the APA, a Federal judge reviews the Federal agency's actions based upon an administrative record prepared by the Federal agency. The judge gives appropriate deference to the agency's decisions and does not substitute the court's views for those of the agency. Jury trials and *civil discovery are not permitted in APA proceedings.*" 42 C.F.R. § 137.309 (emphasis added). Likewise, Ninth Circuit precedent supports a district court's decision to disallow discovery and prohibit review beyond the administrative record, especially when the administrative record

contains adequate information to respond to plaintiffs' claims. *Animal Def. Council v. Hodel,* 840 F.2d 1432, 1437 (9th Cir. 1988); *see Northcoast Envtl. Ctr. v. Glickman,* 136 F.3d 660, 665 (9th Cir.1998). More recently, a district court held that when reviewing agency action under the APA, "the standard discovery tools of civil litigation—including depositions, interrogatories, and, germane here, wide-ranging document production of materials that may potentially lead to admissible evidence—do not apply." *Comprehensive Cmty. Dev. Corp. v. Sebelius,* 890 F.Supp.2d 305, 312 (S.D.N.Y.2012).

■ Moreover, district courts have granted motions for protective orders prohibiting discovery in APA proceedings. *Int'l Jr. Coll. of Bus. & Tech., Inc. v. Duncan,* 937 F.Supp.2d 202, 206 (D.P.R. 2012) (holding that plaintiffs' argument that the administrative record did not fully explain the agency's reasoning with regard to the challenged actions did not entitle plaintiffs to engage in fact-finding); *Sierra Club v. U.S. Dep't of Energy,* 26 F.Supp.2d 1268, 1272 (D.Colo.1998), *adopted by,* 1998 WL 895927 (D.Colo.1998). For example, when environmental plaintiffs propounded interrogatories and requests for production of documents after alleging that federal defendants had unlawfully withheld compliance with NEPA, a district court found that limited discovery was not warranted because plaintiff had failed to show that the court could not determine whether the federal defendants' action was arbitrary and capricious based on the administrative record. *Sierra Club,* 26 F.Supp.2d at 1271. In sum, "the narrowness of the APA action for judicial review weighs heavily against discovery." *Int'l Jr. Coll. of Bus. & Tech.,* 937 F.Supp.2d at 205–06.

---

**3.** For all of the reasons explained, the case cited in plaintiff's Notice of Supplemental authority, *Xerecs Soc'y for Invertebrate Conserva-* *tion et al. v. Jewell, et al.,* Case No. 3:13–cv–1103–MO (D.Or. Feb. 6, 2014), is likewise inapplicable.

■ Furthermore, plaintiffs have not sufficiently shown that they meet any of the narrowly construed exceptions to the APA record rule in order to justify their discovery requests. The Ninth Circuit exceptions are: "(1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Lands Council v. Powell,* 395 F.3d 1019, 1030 (9th Cir.2005) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.,* 100 F.3d 1443, 1450 (9th Cir.1996)).

Plaintiffs argue that these exceptions apply because responses to their discovery requests are needed to determine whether the agency's analysis of the MDP was sufficient. However, plaintiffs do not demonstrate how the 30,000–page record and 1,500–page supplementary record are so insufficient as to frustrate effective judicial review of plaintiffs' claims. Plaintiffs also allege, in one sentence, that the Forest Service acted in bad faith and cite to an email in the record. But the bad faith exception to the record rule, as with the other exceptions, only comes into play if the plaintiff can adequately justify their discovery request. *See Animal Defense Council,* 840 F.2d at 1438. Plaintiffs' conclusory allegation does not meet this burden.

In sum, plaintiffs have not met their burden of showing that they meet any of the narrow exceptions to the record rule articulated by the Ninth Circuit. Consequently, plaintiffs' request that discovery be permitted to the full extent allowed by Fed. R. Civ. Pro. 26(b), including interrogatories and requests for admission, is improper. Plaintiffs shall not be permitted to pursue their discovery requests, and the review of this APA case shall be limited to the administrative record.

### III. CONCLUSION

For the foregoing reasons, federal defendants' and RLK's motions for protective order (docs. 53 and 48) are GRANTED. IT IS SO ORDERED.